IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| FERNANDO CORNETT, | : | 1:07-cv-00025 |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| HOVENSA, LLC and HESS OIL VIRGIN ISLANDS CORPORATION, | : : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### July 12, 2012

Pending before the Court is Defendant Hess Oil Virgin Islands Corporation's ("HOVIC") Motion for Summary Judgment (Doc. 68), filed on February 6, 2012.[1]  The Motion has been fully briefed by the parties and is therefore ripe for our review.  For the reasons that follow, HOVIC's Motion shall be granted and it shall be dismissed as a Defendant from this action.

**I.   BACKGROUND**

Plaintiff Fernando Cornett ("Plaintiff" or "Cornett") was an employee of Defendant HOVIC at its St. Croix refinery from 1973 until it ceased operating the

---

[1] By Order dated February 7, 2011 (Doc. 28), we converted HOVIC'S previously filed Motion to Dismiss in Lieu of Answer (Doc. 5) into a Rule 56 motion, and permitted the parties to conduct discovery pertaining HOVIC's to motion. Upon the completion of that discovery, HOVIC filed the instant Motion crystalizing the issues for our deposition. As such, we shall dismiss the previously filed Motion to Dismiss as moot.

refinery on October 30, 1998.  On that date he became an employee of Defendant HOVENSA, LLC ("HOVENSA"), who owned and operated the refinery from that date forward.  The instant action, filed against both HOVIC and HOVENSA as Defendants, alleges race, color, national origin, and age discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Virgin Islands Civil Rights Act ("VICRA"), 10 V.I.C. § 64, breach of good faith and fair dealing, and intentional and negligent infliction of emotional distress.  The alleged discriminatory acts set forth in the complaint span thirty four years, beginning in 1973 and continuing up until the filing of this action in 2007.

     The basis for HOVIC's Motion is discrete.  HOVIC contends that since it ceased operating the refinery and ceased employing Cornett in 1998, that any and all discrimination claims Plaintiff may have had against HOVIC are barred by the statute of limitations since Plaintiff never filed a charge against HOVIC with the Equal Employment Opportunity Commission.[2]  HOVIC further contends that all of Plaintiff's other claims against it are time-barred.  Finally, HOVIC contends that, with respect to any timely claims, it cannot be held liable for the actions of HOVENSA.

---

[2] It is well-established that the filing of an EEOC charge is an administrative prerequisite to any Title VII lawsuit.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325.  Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).  An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine

3

issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III.   DISCUSSION

HOVIC has raised three arguments in support of its Motion for Summary Judgment: (1) Plaintiff never filed an EEOC charge against HOVIC, a prerequisite to any Title VII employment discrimination claim; (2) the statutes of limitations for Plaintiff's non-federal claims have run; and (3) HOVIC cannot be held liable under

the Continuing Violation Doctrine because Plaintiff's allegations against HOVIC are discrete acts constituting individual violations. We will individually address these arguments in turn.

### A.   Title VII Claims

A Title VII employment discrimination claim is colorable *only* if the allegations charged against a plaintiff's employer were filed with the EEOC "within three hundred days after the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1); *Nielsen-Allen v. Indus. Maint. Corp.*, 285 F. Supp. 2d 671, 672 (D.V.I. 2002).

In the present action, Plaintiff contends that after the transfer of refinery ownership to HOVENSA on October 30, 1998, HOVIC continued to direct operations of the refinery such that Plaintiff, in essence, continued to be employed by HOVIC. Consequently, Plaintiff argues that the timely EEOC claims made against HOVENSA should be attributable to HOVIC because Plaintiff "identified[, in the EEOC complaint,] a party whose interests are the same as the named employer in the EEOC complaint." Doc. 75 ¶ 9. However, as we have held on numerous occasions, HOVIC is "specifically protect[ed by the Virgin Islands Uniform Limited Liability Company Act ("LLCA"), 13 V.I.C. §§ 1101–2203,] from liability for any alleged discrimination that took place under HOVENSA's

ownership of the refinery." *Krimmel v. HOVENSA, L.L.C.*, 2007 LEXIS 98200, at *7 (D.V.I. 2002). HOVIC can only be liable for EEOC claims made, at the very latest, within three hundred days of October 30, 1998. Plaintiff's EEOC filing was made January 15, 2008, long after the three hundred day window had closed. Accordingly, we shall grant HOVIC's Motion as to the Title VII claims.

### B. Territorial Claims

Claims for violations of the VIRCA, breach of duty of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress have statutes of limitations ranging from two years to six years. 5 V.I.C. §§ 31(3)(A), 31(5)(A); *Canonier v. Mahogany Run Condo. Ass'n.*, 54 V.I. 210, 213 (V.I. 2011).

Per above, HOVIC ceased to be liable for actions arising out of events taking place after October 30, 1998. Plaintiff's Complaint was filed in April 2007, years after the longest statute of limitations for the claims alleged by Plaintiff. Accordingly, we shall grant HOVIC's Motion as to the territorial claims.

### C. Continuing Violation Doctrine

Claims ordinarily barred by a statute of limitations may fall under an equitable exception to the timely filing requirements if two criteria are met: (1) "at least one [alleged] act [must have] occurred within the filing period"; and (2) the

alleged acts must be more than "isolated or sporadic acts of intentional discrimination." *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754–55 (3d Cir. 1995) (quoting *Jewett v. Int'l Tel. & Tel. Corp.*, 653 F.2d 89, 91 (3d Cir. 1981)).

In the present action, Plaintiff asserts that his repeated exposure to discriminatory acts by HOVIC form one, continuous unlawful employment practice. However, Plaintiff's argument fails. Putting aside the issue that HOVIC is not responsible for the "continuing violations" occurring after October 30, 1998, Defendant's alleged violations were discrete acts of discrimination (e.g. promoting less qualified, white employees; assigning Defendant to less prestigious projects). As we noted in a strikingly similar case, "[I]ndependently actionable discrete acts cannot be combined and converted into a single unlawful employment practice to qualify under the continuing violation theory." *Krimmel*, 2007 LEXIS 98200, at *9–10; See also *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 627 (2007) ("if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed").

Plaintiff alleges a series of discrete actions taken by HOVIC and HOVENSA that individually amount to colorable claims of employment discrimination. However, Plaintiff cannot escape the statutes of limitations rendering those claims against HOVIC as "merely . . . unfortunate event[s] in history which ha[ve] no

7

present legal consequences." *Ledbetter*, 550 U.S. at 626 (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 558 (1977)). Accordingly, we shall grant HOVIC's Motion as to claims arising under the continuing violation doctrine.

## IV. CONCLUSION

For the reasons stated above, we will grant HOVIC's Motion for Summary Judgment in its entirety.[3]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. HOVIC's Motion for Summary Judgment (Doc. 68) is **GRANTED**.

2. Plaintiff's Motion to Amend the Second Complaint (Doc. 76) is **DENIED**.

3. HOVIC's Motion to Dismiss in Lieu of Answer (Doc. 5) is **DISMISSED** as **MOOT**.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[3]Additionally, for the same reasoning that applies to the claims made against HOVIC, Plaintiff's Motion to Amend the Second Complaint (Doc. 76) is denied. Per Plaintiff's proposed Third Complaint, "HOVENSA, LLC., is a joint venture between . . . Hess [C]orporation and PDVSA[;] it was originally a joint venture between HOVIC and PDVSA." Doc. 76 ¶ 3. As such, Hess Corporation is entitled to the same LLCA protections that HOVIC was entitled to as a "member or manager of HOVENSA." *Krimmel*, 2007 LEXIS 98200, at *8. While we recognize that Rule 15(a)(2) of the Federal Rules of Civil Procedure prescribes that leave to amend should be liberally granted, we believe that it would be moot to add Hess Corporation as a defendant. As such, we shall deny Plaintiff's Motion to Amend the Second Complaint.