**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**FERNANDO CORNETT,**

               **Plaintiff,**

   **v.**

**HOVENSA, LLC,**

               **Defendant.**

**1:07-cv-00025**

**TO:**   **Lee J. Rohn, Esq.**
        **Mary Faith Carpenter, Esq.**
        **Carl A. Beckstedt, III, Esq.**

## AMENDED ORDER

THIS MATTER is before the Court on Fernando Cornett's Motion to File Third Amended Complaint (ECF No. 169), Hovensa, LLC's Opposition to Plaintiff's Motion to File Third Amended Complaint (ECF No. 170), and Cornett's Reply to Opposition to Plaintiff's Motion to File Third Amended Complaint (ECF No. 176).

Cornett moves to file a third amended complaint to delete allegations made as to HOVIC, dismissed from this action, as well as to clarify dates, remove HOVIC as a defendant, and remove a cause of action for punitive damages (ECF No. 169 at 1). Cornett further deletes a wherefore clause that adds a request for compensatory and punitive damages. *Id*. at 1. Lastly, Cornett deletes allegations relating to the statute of limitations. *Id*.

Cornett remarks that the insurers of Hovensa, LLC are now the responsible parties to pay damages, but he does not request any amendments related to Hovensa, LLC's insurers or to the insurance coverage itself. *See id*.; *see generally* ECF No. 169-1—169-2.

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Amended Order
Page 2

Hovensa, LLC opposes the motion because, *inter alia*, Cornett is allegedly trying to trigger insurance coverage (ECF No. 170 at 1). It continues that Cornett's claim is frozen in bankruptcy, and that Cornett is attempting to recharacterize his existing pre-bankruptcy claim to plead into the insurance coverage, among related arguments. *Id*. at 2-6.

Cornett replies, *inter alia*, that he has not asserted a new claim against Hovensa, LLC, or new facts that give rise to a new claim (ECF No. 176 at 4-5).

This Court refuses to dive into arguments about the lifted bankruptcy matter or the declaratory judgment action because those matters are not for the undersigned to decide. Most importantly, this Court finds that Cornett's requested amendments do not request changes or additions relating to Hovensa, LLC's insurers or to the insurance coverage itself. This Court now decides whether to grant Cornett leave to amend.

Rule 15(a)(2) allows a party to amend a pleading "with the opposing party's consent or the court's leave," and directs the Court to grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Cornett mostly requests leave to amend to remove allegations about HOVIC and the statute of limitations now irrelevant at this posture of the litigation, among other

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Amended Order
Page 3

amendments to clarify dates and damages and to remove a cause of action. This Court sees no reason why leave to amend should not be "freely given" in accordance with *Foman*.

As a caveat, however, this Court would like to remind Cornett that it must abide by Local Rules of Civil Procedure 15.1, particularly the mandate that "[a] proffered amended pleading must note prominently on the first page the numbered amendments it represented; i.e., 1st, 2nd, 3rd amendment, etc." LRCi 15.1. Cornett did not abide by this rule, so normally this Court would deny the motion for leave to amend and allow Cornett to refile the motion in accordance with LRCi 15.1; however, Cornett is left with a warning this time.

WHEREFORE, it is now **ORDERED**:

1. Plaintiff's Motion to File Third Amended Complaint (ECF No. 169) is **GRANTED**.
2. Plaintiff shall file forthwith his Third Amended Complaint, as it appears at ECF No. 169, Attachment #2 (Exhibit 2).

ENTER:

Dated: December 4, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE