**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| FERNANDO CORNETT,<br><br>              Plaintiff,<br><br>    v.<br><br>HOVENSA, LLC,<br><br>              Defendant. | 1:07-cv-00025 |

TO:     Lee J. Rohn, Esq.
           Mary Faith Carpenter, Esq.
           Carl A. Beckstedt, III, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant HOVENSA, LLC's, Motion for Temporary Stay Pending Resolution of Related Declaratory Judgment Action (ECF No. 182), Plaintiff Fernando Cornett's Opposition (ECF No. 183), and HOVENSA's Reply (ECF No. 185).

## I. BACKGROUND

This case involves Title VII race and national origin discrimination claims[1] brought against HOVENSA, LLC, and Hess Oil Virgin Islands in 2007 (*see* ECF No. 1).[2] Cornett alleges that, from his employment on March 5, 2001, he was passed over for promotions, subjected

---

[1] Cornett also brought claims under the Virgin Islands Civil Rights Act (*see* ECF Nos. 1, 180 at 14). In addition, Cornett brought age discrimination claims against defendants (*see* ECF Nos. 1, 180 at 2).
[2] Hess Oil Virgin Islands is no longer a defendant in this case (*see* ECF No. 90 (terminating Hess Oil by Order on July 12, 2012)).

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Memorandum Opinion and Order
Page 2

to racism and ageism, and demoted to a position of less responsibility until his termination in 2011 (*see* ECF No. 180 at 2-13; Compl. ¶¶ 4-78).[3]

On September 15, 2015, HOVENSA filed a voluntary petition for Chapter 11 bankruptcy in the District Court of the Virgin Islands, Bankruptcy Division (ECF No. 146). Shortly after, the Court designated this case as a suspense matter because of the automatic bankruptcy stay imposed under 11 U.S.C. § 362 *et seq*. (ECF No. 147). Under a claims resolution order in the bankruptcy matter, Cornett received limited relief from the automatic stay to pursue recovery from Liquidating Trust Insurance Policies, including insurance policies issued to HOVENSA (*see* ECF No. 182-1). As a result, Cornett waived all claims against the HOVENSA liquidating trust, including any right to distribution from the trust, and chose to recover solely from HOVENSA's insurers. *See id*.

On February 19, 2020, Illinois National Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA, insurers of HOVENSA, filed a declaratory judgment action against Cornett, seeking declarations that there is no coverage for HOVENSA for any claims, losses, damages, or liabilities alleged by Cornett. *See Illinois National Insurance Company, et al. v. Fernando Cornett*, 1:20-cv-00008, Complaint (D.V.I. Feb. 19, 2020).[4] HOVENSA now moves to stay this case pending resolution of the declaratory judgment action.

---

[3] These allegations come from the Third Amended Complaint filed on December 7, 2020 (*see* ECF No. 180).
[4] The original complaint in the declaratory judgment matter has since been amended. *See Illinois National Insurance Company, et al. v. Fernando Cornett*, 1:20-cv-00008, Amended Complaint (D.V.I. Feb. 1, 2021).

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Memorandum Opinion and Order
Page 3

## II. DISCUSSION

### A. Legal Standard

A court's "power to stay proceedings" derives from its "inherent" ability "to control...its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay constitutes an "extraordinary remedy," *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144 , 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)), that the movant has a burden to show. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). When determining a motion to stay during resolution of seemingly related litigation, courts examine whether resolution of the related litigation substantially impacts or moots the action in question. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446-47 (D.N.J. 2014) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). To decide whether to stay an action, courts balance the following competing interests:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Akishev*, 23 F. Supp. 3d at 446 (internal citations and quotation marks omitted).

### B. Analysis

As to the first factor, this Court considers whether a stay would unduly prejudice or present a clear tactical disadvantage to Cornett. HOVENSA argues that a stay will not

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Memorandum Opinion and Order
Page 4

unduly prejudice or put Cornett at a disadvantage because discovery in the declaratory judgment action "is already underway" and the dispositive motion deadline, "which could resolve the entire matter," "is only months away" (ECF No. 182 at 9). Cornett responds that staying this action would unduly prejudice and put him at a clear disadvantage because this case that has been pending for nearly 13 years (ECF No. 183 at 1, 6). HOVENSA replies that it "does not request a stay… to gain a tactical advantage or [to] somehow prejudice Cornett," but that resolving the declaratory judgment action "may" moot this action (ECF No. 185 at 1).[5]

HOVENSA's argument does not meet its burden for several reasons. First, the discovery and dispositive motion deadlines mentioned are part of the declaratory judgment action—not this action. Second, the discovery deadline is a consideration the Court examines in the fourth factor. *See infra*. Lastly, a federal court in Louisiana decided to deny a stay pending a related declaratory judgment action when the action at question "ha[d] been pending…for more than three years," *Stafford v. Stanton*, No. 17-0262, 2020 WL 8513818, at *3 (W.D. La. Nov. 11, 2020), and this case has been pending for nearly 13 years. Accordingly, this factor weighs against granting stay.

As to the second factor, this Court considers whether denying the stay would create a clear case of hardship or inequity for HOVENSA. In its Motion, HOVENSA cites to this

---

[5] HOVENSA also argues that Cornett "fails to demonstrate or explain how he would be prejudiced or put at a disadvantage by the requested stay." *Id*. at 3. But it is not Cornett's burden to explain how the stay would not unduly prejudice or present a clear tactical disadvantage to him.

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Memorandum Opinion and Order
Page 5

second factor but does not explain how it applies to the facts of the case to warrant a stay (ECF No. 182 at 6). Cornett argues that denying the stay does not create a clear hardship for HOVENSA because it is a nominal defendant (ECF No. 183 at 7); any potential hardship that would result is as to HOVENSA's insurers, but this hardship would be of their own fault for failing to timely assert a declaratory judgment action nearly 13 years ago. *Id*. at 7.[6] In its Reply, HOVENSA does not explain how denying the stay would create a clear case of hardship or inequity for it. Accordingly, this factor weighs against granting the stay.

As to the third factor, this Court considers whether a stay would simplify the issues and the trial of the case. In its Motion, HOVENSA cites to this third factor but does not specifically[7] explain how it applies to the facts of the case to warrant a stay (ECF No. 182 at 6). Cornett responds that "a stay does not simplify the issues or the trial of the case," and that the "case is substantially ready for trial" because "factual depositions have been taken [] and, but for the bankruptcy," trial would have commenced (ECF No. 183 at 8-9). HOVENSA replies that a determination in the declaratory judgment action that it "is not entitled to insurance coverage would simplify the issues in this action by essentially mooting Cornett's employment claims" (ECF No. 185 at 2-3).

There are two competing interests. First, this case has been pending for nearly 13 years and the discovery phase has passed. In similar scenarios, courts have refused—or

---

[6] In addition, Cornett asserts that any argument as to factor two should be barred by the doctrine of laches. *Id*.
[7] Although HOVENSA implies arguments as to the third factor in its Motion, the Court will not attempt to decipher them.

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Memorandum Opinion and Order
Page 6

recommended refusal[8]—to grant a stay. *See, e.g.*, *Stafford*, 2020 WL 8513818, at *3; *Nussbaum v. Diversified Consultants, Inc.*, Civ. No. 15-600, 2015 WL 5707147, at *3 (D.N.J. Sept. 28, 2015). Second, HOVENSA is allegedly a nominal defendant and it argues that the related declaratory judgment action would result in a determination of whether it is entitled to insurance coverage. A federal court in North Carolina granted a stay when a defendant was insolvent, with "little to no assets other than the insurance policy," and so "[a] determination as to the insurance coverage [was] particularly important." *Pressley v. Bird Brain, Inc.*, No. 1:13cv60, 2014 WL 793137, at *1 (W.D.N.C. Feb. 26, 2014). The Court finds this case instructive because HOVENSA declared bankruptcy, so a determination in the declaratory judgment action whether HOVENSA is entitled to insurance coverage would simplify the issues and the trial of the case. Accordingly, this factor weighs in favor of granting the stay.

As to the fourth factor, this Court considers whether discovery is complete and/or a trial date has been set. Courts usually deny motions for stay when parties have substantially—or have almost—completed discovery. *Nussbaum*, 2015 WL 5707147, at *3. HOVENSA argues that the discovery phase in the declaratory judgment action "is already underway," while the dispositive motion deadline "is only months away" (ECF No. 182 at 9). Cornett responds that the factual discovery deadline has passed, and that he will

---

[8] Although the magistrate judge in *Stafford* recommended denial of a stay, a district judge adopted the Report and Recommendation. *See Stafford v. Stanton*, No. 17-cv-262, 2021 WL 537145, at *1 (W.D. La. Feb. 12, 2021).

*Fernando Cornett v. Hovensa, LLC*
1:07-cv-00025
Memorandum Opinion and Order
Page 7

request a trial date at the status conference scheduled on March 2, 2021[9] (ECF No. 183 at 10). As mentioned above, the discovery and dispositive motion deadlines in the declaratory judgment action are not part of this case, so HOVENSA does not meet its burden as to the fourth factor. Accordingly, this factor weighs against granting the stay.

Since three out of four factors weigh against granting the stay, HOVENSA has not met its burden to justify granting this extraordinary remedy. Accordingly, the Motion is denied.[10]

WHEREFORE, it is now **ORDERED**:

HOVENSA, LLC's, Motion for Temporary Stay Pending Resolution of Related Declaratory Judgment Action (ECF No. 182) is **DENIED**.

ENTER:

Dated: March 17, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE

---

[9] As of the date of this Memorandum Opinion and Order, the status conference has passed. Counsel for Cornett did not request a trial date at the status conference, *see* Minutes, ECF No. 184 at 1, and even if they did the undersigned would not have granted one because of the COVID-19 pandemic.

[10] Although the Court finds that a determination in the declaratory judgment action would simplify the issues and the trial of the case, the Court will not consider whether resolution of the related declaratory judgment action substantially impacts or moots this action, *see Akishev*, 23 F. Supp. at 446-47 (citing *Bechtel Corp.*, 544 F.2d at 1215), because HOVENSA has failed to meet its burden to justify why the stay should be granted. *See Nken*, 556 U.S. at 433-34.